## SHELL OIL CO., Inc., v. KAMPER.
### No. 9334.

Circuit Court of Appeals, Fifth Circuit.

May 10, 1940.

M. M. Roberts, of Hattiesburg, Miss., and William F. Kenney, of St. Louis, Mo., for appellant.

R. W. Thompson, Jr., of Gulfport, Miss., and N. T. Currie, of Hattiesburg, Miss., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellee recovered a personal judgment in the court below upon counts one (charging unlawful and aggravated assault) and three (alleging wrongful conversion of personal property) of his amended complaint. On the second count, which charged slander, the court refused appellant's request for a peremptory instruction, but instructed the jury to consider the evidence adduced thereon only on the question of damages under the first

count. Counts four and five were dismissed by the court in a separate judgment, but no appeal was taken therefrom. This appeal is by appellant only from the judgment against it.

■ There was substantial evidence to warrant a finding by the jury that appellant, by force and violence, dispossessed appellee of certain premises, and, in so doing, committed an unlawful and aggravated assault upon him, to his damage. Also, there was evidence to support a finding that appellant had converted some of appellee's personal property. Nevertheless, we think the judgment should be reversed and the cause remanded for a new trial, because, under the instructions of the court below, the jury was authorized to, and apparently did, award damages for the conversion of certain property held by the appellee's customers, which charge and finding was totally without support in the evidence. Appellant neither took possession of this property nor converted it to its use. It also appears that this property was not actually owned by appellee, but had been delivered by him to prospective customers to create good will for his business. The peremptory charge, that the equipment located with customers of appellee was not converted, should have been granted.

The main charge of the court fills thirty pages of the printed record. Adding to it the refused instructions which are assigned as error, and explanations or modifications of charges by the court after exceptions were taken by counsel, the charge covers over fifty printed pages. In these circumstances, it is impracticable to discuss all of the points raised on this appeal with reference thereto. Many of the matters complained of will not occur in another trial, because the issues have been narrowed and counts four and five have been disposed of by final judgment. We shall point out some errors, not intending thereby to give approval to the remainder of the charge, although, on the whole, the remainder of the charge was correct, and fair to both parties.

■ The court erred in refusing peremptorily to charge the jury to find for the defendant upon count two of the complaint, since no substantial evidence was introduced in support thereof, but we would not reverse for this alone, as the court's charge upon this count was almost equivalent to the peremptory charge requested.

■ It was error to charge the jury that: "If you should believe from the evidence that they never did tender to him that property—I mean by tender to him, if they did not take it down and bring it to his place of business or to his home and say to him, 'Here is your property; we are releasing it and it is yours'—then that would amount to conversion." This instruction failed to state the issue correctly, and placed too heavy a burden upon appellant. The issue was whether personal property of appellee had been wrongfully converted by appellant. If it had not been, there was no duty to tender it to appellee unless he called for it; but, if it had been wrongfully converted, the appellee at a later date was not bound to accept a tender of it, but in lieu thereof could sue for damages for the tort previously committed.

■ The refusal of appellant's request for an instruction precluding any recovery for expenditures made by appellee for paving driveways was error, because concrete driveways are realty and are not subject to conversion.

■ The damages were awarded appellee by a general verdict of the jury, and there is no way by which this court, in view of the errors committed, may apportion them.

Therefore, the judgment appealed from is reversed in its entirety, and the cause remanded for further proceedings not inconsistent with this opinion.